**Mary Agnes Gleason, Plaintiff-Appellant, v. Anthony & Sophie Brazauskas, d/b/a Tony's Tavern, Defendants-Appellees.**

**Gen. No. 50,904.**

First District, Fourth Division.

May 6, 1966.

Milroy R. Blowitz, of Chicago (Leon C. Wexler, of counsel), for appellant.

Rago, Kiely & Kages, of Chicago (C. Gus Kages, of counsel), for appellees.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff appeals from a denial of her petition to reinstate the case after a dismissal for want of prosecution.

It appears from the record that this case (Superior Court No. 56 S 6871) went to trial on October 16, 1962; that on October 23, 1962, a mistrial was ordered; that on December 5, 1962, the case was placed on the passed case calendar; that on September 25, 1964, a call was made "of the former Superior Court Dormant Calendar law cases" and on that date the case was placed on the regular trial call and dismissed for want of prosecution. On August 31, 1965, plaintiff filed a petition under Section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 72) alleging that the mistrial was caused by a severe injury to plaintiff during the pendency of the trial; that the case was placed on the passed case calendar because it was uncertain when she could appear for trial; that the attorney had not received a notice that the case had been dismissed for want of prosecution; that both plaintiff and defendant believed the case was still pending and that plaintiff had received from defendants a motion for substitution of attorneys for presentation to the court on August 16, 1965; that in making his periodic review of his cases he found the dismissal order; that he immediately filed his petition to reinstate; and that he had a meritorious claim. Although no answer was filed to the petition and no one appeared before the judge on behalf of the defendants, the petition was denied and this appeal followed.

In the hearing on the petition, plaintiff's attorney stated that he had received a call from opposing counsel and that they would not contest the petition. He further said that he had no knowledge of the dismissal order and that he had not received any postcard or other notice from the court concerning the dismissal. These assertions were not and are not denied.[1]

---

[1] Although the court records might have disclosed that the clerk did send a card, no evidence was adduced to show this fact. The judge indicated that a postcard was always sent and that

Defendants argue that even though they did not contest the petition in the trial court, they may now urge that the petition did not contain the necessary elements to show diligence. Grizzard v. Matthew Chevrolet, 39 Ill App2d 9, 188 NE2d 59. However, taking the allegations of the petition as true, there was a sufficient showing of diligence.

■ A proceeding under Section 72 "invokes the equitable powers of the court as justice and fairness require. . . ." Elfman v. Evanston Bus Co., 27 Ill2d 609, 613, 190 NE2d 348. Plaintiff's attorney urges that the seventy-year-old plaintiff should not be forced to file a new suit under section 24 of the Limitations Act (Ill Rev Stats, 1963, c 83, § 24a) since "as conditions exist today she will certainly never live to see a trial held five or six years from now based upon the current backlog" and therefore should in equity and justice be given a trial in her case filed in 1956.

■ Under the circumstances of the instant case, we find that the refusal to reinstate was an abuse of discretion.

The order denying the petition to reinstate is reversed and the cause remanded with directions to sustain the petition, vacate the order of dismissal and set the case for trial.

Reversed and remanded with directions.

ENGLISH AND McCORMICK, JJ., concur.

---

he "never heard of more than one or two lawyers who came in and said they didn't get it."