Bernice Esczuk, Plaintiff-Appellant, v. Chicago Transit Authority, a Municipal Corporation, Bernard Kupinski, Greco Contractors, Inc., and Eugene McCartney, Defendants-Appellees.

Gen. No. 51,691.

First District, Fourth Division.

May 26, 1967.

Bernard Davis and Leon C. Wexler, of Chicago (Leon C. Wexler, of counsel), for appellant.

George J. Schaller, O. R. Hamlink and Jerome F. Dixon, of Chicago, for Chicago Transit Authority and Bernard Kupinski, appellees.

Mortimer, Nolan, O'Malley and Dunne, of Chicago, for Greco Contractors, Inc., and Eugene McCartney, appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff appeals from a denial of her petition to reinstate the case after a dismissal for want of prosecution when she failed to appear for pretrial.

 Plaintiff's verified petition, to which defendants did not file an answer or a motion to strike, was filed under section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 72) and stated that the case was

called for pretrial conference on January 18, 1965; that plaintiff had no knowledge of the pretrial and did not attend; that because plaintiff failed to attend the case was dismissed for want of prosecution; that neither plaintiff nor the defendants received notice of the dismissal; that plaintiff assumed the matter was pending on the trial calendar but, when the case did not appear on the calendar in its normal chronological order in June 1966, the court file was checked and the dismissal discovered; that plaintiff immediately took steps to have the case reinstated; that plaintiff has a good cause of action; and that plaintiff was not culpably negligent. In its order of dismissal the court stated:

> It appearing that the Court has jurisdiction of the parties in the above entitled cause and the cause being reached on the regular Pre-Trial Call; that no response was made for either party, IT IS THEREFORE ORDERED that the above entitled cause be and it is hereby dismissed for want of prosecution without costs.

Since the defendants did not answer or contest the plaintiff's petition in the trial court, the allegations set forth in the petition must be taken as true. Gleason v. Brazauskas, 70 Ill App2d 276, 217 NE2d 298. A proceeding under section 72 invokes the equitable powers of the court as justice and fairness require. Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348. In the instant case it is uncontradicted that (1) plaintiff was not notified of the pretrial or of the dismissal for want of prosecution; (2) that plaintiff immediately checked the court file when the case did not appear on the trial calendar in its normal chronological order and (3) that plaintiff has a good cause of action.

After considering the uncontroverted petition of plaintiff we find that the refusal to reinstate the case

was an abuse of discretion. Therefore the order denying the petition to reinstate is reversed and the cause remanded with directions to sustain the petition.

Reversed and remanded with directions.

ENGLISH, P. J. and McCORMICK, J., concur.