ROBERT E. MARTIN, Plaintiff-Appellant, *v.* PHILIP KARGMAN, Defendant-Appellee.

(No. 54816; )

First District—July 8, 1971.

I. Harvey Levinson, of Chicago, for appellant.

Hoffman & Davis, of Chicago, (Maurice L. Davis and Alvin L. Kruse, of counsel,) for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from a denial by the Circuit Court of plaintiff's petition pursuant to Section 72 of the Civil Practice Act wherein he asked that a court order dismissing his action for want of prosecution be vacated.

In this appeal plaintiff argues: First, that insofar as plaintiff had a judgment by confession which was opened pursuant to Ill. Rev. Stat. 1967, ch. 110A, sec. 276, merely dismissing plaintiff for failure to prosecute could not effect plaintiff's judgment. Second, notice of dismissal was never given to plaintiff as required under Ill. Rev. Stat. 1967, ch. 110, sec. 50.1. Third, justice and fairness required the trial court to grant the relief prayed for in plaintiff's petition.

We reverse.

On April 19, 1968, plaintiff filed a complaint in the Municipal Division of the Circuit Court of Cook County with defendant's cognovit attached. On May 1, 1968, a judgment by confession of $5,507.50 was entered against the defendant. Defendant filed a petition to vacate this judgment and requested leave to file an answer. On July 31, 1968, the judgment against defendant was opened, and defendant's answer was filed. That same day an order was entered assigning the cause to be heard on November 6, 1968.

On October 1, 1968, plaintiff's first attorney and defendant's attorney entered into a signed agreement to stipulate to consolidate four other matters pending between the parties with the case in issue. However, the stipulation was never filed with the court.

Shortly thereafter, plaintiff retained new counsel, and plaintiff's first attorney delivered his files to the new firm on October 10. Upon hearing of this change, defendant's attorney object to the attorney who was to handle plaintiff's case, claiming a conflict of interest. Consequently, plaintiff's new attorney applied to the Chicago Bar Association for an opinion regarding the propriety of his representing plaintiff. Because the Bar Association did not rule that the new attorney could represent plaintiff with propriety until February 21, 1969, when the case was called on November 6, neither plaintiff's first attorney (thinking he was removed) nor plaintiff's new attorney (who did not consider himself of counsel at that time) appeared.

However, an associate in the firm of defendant's attorney did appear

on November 6, and although he himself was not ready to go to trial, he requested the trial court to dismiss the case for want of prosecution. This associate claimed to be unaware at that time of the stipulation to consolidate.

It appears that no notice was sent to plaintiff pursuant to Ill. Rev. Stat. 1967, ch. 110, sec. 50.1, and as a result, plaintiff did not know of the dismissal of his suit. It further appears that defendant's attorney was not notified of the dismissal by his associate who made the appearance for the firm.

From February 1, 1969, until June 1, 1969, plaintiff's new attorney and defendant's attorney held discussions in which they attempted to settle the dispute between the parties. Only after settlement appeared impossible did defendant's attorney become aware of the order of dismissal. He immediately communicated with plaintiff's attorney, and offered to stipulate to reinstate the cause provided his client authorized him to do so.

When defendant refused to so stipulate, plaintiff filed his Section 72 petition on June 3. The issue at the hearing was whether plaintiff should have had knowledge of the trial date of November 6, 1968. The petition was denied on October 20, 1969.

While Section 72 does not relieve a party of the consequences of his own negligence, including incompetency of counsel (*Mehlenbacher v. Elgin, Joliet & Eastern R.R. Co.* (1967), 87 Ill.App.2d 452, 230 N.E.2d 27), a Section 72 petition to reinstate a dismissed case invokes the equitable powers of the court as justice and fairness require. *Esczuk v. Chicago Transit Authority* (1967), 84 Ill.App.2d 247, 228 N.E.2d 553.

Several facts present in this appeal lead us to conclude that this case must be reversed. To begin with, when the plaintiff first wished to change counsel, it was the defendant's attorney who objected to the new lawyer. This new lawyer made application to the Bar Association for an opinion regarding his propriety in representing plaintiff. There was no showing that he ever had knowledge of the November 6 hearing, and plaintiff's first attorney by then considered himself removed from the case.

The record discloses that during the period between plaintiff's retention of his new lawyer in October of 1968 and June of 1969 when it was discovered that a dismissal had been entered, plaintiff's attorney and defendant's attorney continued to negotiate a settlement on the consolidated matters of which this case was one. This effort was made in spite of the fact that a member of defendant's firm had obtained a dismissal of the cause in November of 1968. Thus, although defendant's attorney had at least constructive knowledge of the dismissal, he continued

548

negotiation with plaintiff's attorney for many months. As between plaintiff's counsel and defendant's counsel, the latter is best able to know what goes on in his own firm.

This carrying on of negotiations as if the case were still alive acted to confuse the real status of plaintiff's rights and precluded him from raising a timely objection to the dismissal of his suit for want of prosecution.

We feel that this was a situation which addressed itself to the equitable powers of the trial court, and that plaintiff should have an opportunity to consolidate this case as per the agreement to stipulate entered into between the parties.

Reversed and remanded.

McNAMARA, P. J., and DEMPSEY, J., concur.