AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Plaintiff-Appellee, *v.* JOHN COLBY a/k/a SEAMAN AVERY, *et al.*, Defendants—(NORMA BROWN, Defendant-Appellant.)

(No. 58551;

First District (4th Division)—May 22, 1974.

John Elson, of Chicago, for appellant.

Arnstein & Levin, of Chicago (Harry G. Fins, of counsel), for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

In this appeal Norma Brown seeks reversal of an order of the trial court denying her motion to vacate a judgment entered by confession, quash a garnishment proceeding instituted upon the judgment and return certain funds garnished previously. On October 9, 1968, Norma Brown, John Colby and Carrie Patton signed a promissory note obligating them to pay $4005 in 60 monthly installments to the Star Lumber Company. The note was assigned to the plaintiff, American National Bank and Trust Company of Chicago, and contained the following cognovit clause:

> "* * * [upon the occurrence of certain specified conditions] all unpaid installments, plus accrued interest, late charges and attorney's fees, if any, shall immediately become due at the option of the holder, without notice, and the undersigned and each of them hereby authorize irrevocably any attorney of any Court of Record to appear for the undersigned and each of them in such Court, in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this note, for all unpaid installments, plus accrued interest, late charges and attorney's fees, if any, together with interest thereon at highest lawful rate, and costs, and 15% of unpaid installments as attorney's fees for collection, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, and waive the prosecution of a writ of error or appeal upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof."

On December 14, 1970, the plaintiff filed a complaint for judgment by confession in the Circuit Court of Cook County, in which it alleged that there was due from the defendants, Norma Brown, John Colby and Carrie Patton, the principal sum of $2756.76 plus late charges of $48.16 and attorney's fees of $222.75. The court entered judgment against the defendants in the sum of $3027.67 on December 21, 1970. A writ of execution was issued, but was returned not found. On May 5, 1971, a

citation to discover assets was issued which required Norma Brown to appear on June 8, 1971. The record does not reveal whether she ever appeared; however she stated in the affidavit filed in support of the motion to vacate that she first became aware that there was a judgment against her when she was served with the citation.

On June 16, 1972, the plaintiff instituted a garnishment proceeding against the Seaway National Bank of Chicago. It indicated in its affidavit that $200 had been paid on the judgment, although the record does not indicate how or by whom it was paid. Seaway responded that it was indebted to the defendants in the sum of $37.47 due to a bank account and was ordered to turn this sum over to the plaintiff. On July 24, 1972, Norma Brown was served with a second citation to discover assets, and on August 3, 1972, a second garnishment was directed to a representative of the Seaway Bank. As a result of the second garnishment the bank was ordered to turn over an additional $236.32, also representing a bank account, to the plaintiff.

On October 11, 1972, Norma Brown moved to vacate the judgment, to vacate the garnishment against her bank account and for an order that the plaintiff return the funds already garnished and pay the service charges incurred by her as a result of the garnishment proceeding. She based this motion upon the grounds that entry of judgment without prior notice and subsequent garnishment of her bank account deprived her of her property without due process of law in violation of the fourteenth amendment to the United States Constitution and article 1, § 2 of the Illinois Constitution. In her affidavit she averred that (1) confession of judgment was entered against her on December 21, 1970, (2) she was given no prior notice of the confession of judgment, (3) she first learned of the entry of judgment against her when she received a citation to discover assets issued May 5, 1971, (4) she was unaware of the confession clause in the retail installment contract with Star Lumber and did not understand its meaning as she was unskilled in legal matters and had not graduated from high school, (5) that she lacked bargaining power to negotiate about the confession clause and received no separate consideration for it, and (6) she did not voluntarily, intentionally, knowingly or understandingly consent to the entry of judgment and garnishment of her bank account and did not knowingly waive her right to a proper notice and hearing. The court denied her motion, stating specifically that it was not passing upon the constitutional issue, and the present appeal followed.

On appeal the defendant contends that she was denied due process of law because the confession judgment was entered and enforced without any prior determination of whether she had voluntarily, knowingly

or understandingly waived her constitutional rights to notice and a hearing. She further contends that the Illinois statute allowing the entry of judgments by confession (Ill. Rev. Stat. 1973, ch. 110, par. 50(3)) is unconstitutional because it does not require such a determination prior to the entry of judgment. After reviewing the record, it is our conclusion that it will not be necessary for us to reach these matters.

■■ The motion to vacate was brought pursuant to section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 72.) In applying section 72, our courts have held uniformly that, in order to succeed, the petitioner must demonstrate diligence in pursuing the relief sought. (*Brockmeyer v. Duncan* (1960), 18 Ill.2d 502, 165 N.E.2d 294.) Likewise, Supreme Court Rule 276 (Ill. Rev. Stat. 1973, ch. 110A, par. 276), which specifies the means for opening judgments entered by confession, requires that a defendant show that he has been diligent in moving to open the judgment.

■■ In the present case the record establishes clearly that the judgment was entered on December 21, 1970. Norma Brown first learned of it on May 5, 1971, but did not attempt to have it vacated until October 11, 1972, over 1 year and 5 months later. It does not appear that she was under any disability during this time or that she had any other reason for not acting promptly. Furthermore, she was served with a second citation to discover assets and her bank account was garnished twice, all of which should have impressed upon her the seriousness of the situation and the need for some affirmative action. From these facts the trial court would have been justified in finding, as it undoubtedly did, that she was not entitled to have the judgment vacated due to her gross lack of diligence in seeking relief. It would, therefore, have been possible for the court to rule upon the motion without touching any of the constitutional issues presented. In fact, the court stated specifically that it was not passing upon any constitutional issue in denying the motion. Since the trial court did not rule upon the constitutional issues we will not consider them. See *People v. Fleming* (1971), 50 Ill.2d 141, 277 N.E.2d 872; *Crosby v. City of Chicago* (1973), 11 Ill.App.3d 625, 298 N.E.2d 719.

A motion pursuant to section 72 is addressed to the sound discretion of the court. (*Calvo v. Willson* (1965), 59 Ill.App.2d 399, 207 N.E.2d 496.) As we have stated above, the record discloses an ample basis for the trial court's decision, and thus it did not abuse its discretion in denying the motion. For these reasons the order of the Circuit Court of Cook County is affirmed.

Affirmed.

DIERINGER and JOHNSON, JJ., concur.