DINER'S CLUB, INC., Plaintiff-Appellee, v. ROBERT GRONWALD, Defendant-Appellant.

First District (3rd Division)   No. 61951

Opinion filed September 16, 1976.—Modified upon denial of rehearing November 18, 1976.

Joseph B. Lederleitner, of Pretzel, Stouffer, Nolan & Rooney, of Chicago, for appellant.

Kenneth Baker and David S. Miller, both of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Diner's Club, Inc., sued defendant to recover $2,487 charged to a credit card which plaintiff issued to defendant. After the defendant failed to answer the complaint or appear for trial, the trial court entered a default judgment against defendant. Defendant then filed several motions to vacate this judgment, all of which motions were ordered denied by the trial court, and this appeal follows.

Defendant contends on appeal that the trial court erred in refusing to exercise its equitable power to vacate the default judgment because defendant appeared *pro se,* received no notice of plaintiff's subsequent motion, was unlettered in the law involved, and lacked the funds to hire an attorney sooner than he did.

We reverse and remand.

There is essentially no dispute concerning the facts in this case. Plaintiff's complaint was filed on December 21, 1973, and alleged that plaintiff issued its credit card to defendant, that under such credit card the named holder was responsible for all authorized charges made by any bearer, that plaintiff has demanded from defendant payment of $2,487 in authorized charges and that defendant has refused to pay said charges. On April 16, 1974, the trial court ordered defendant to answer the complaint within 20 days. Although defendant never filed an answer to the complaint, he appeared *pro se* on May 25, 1974. On November 7, 1974, the trial court, noting defendant's absence, entered a default judgment against defendant in the amount of $2,487.21. Defendant then moved to vacate the default judgment and a hearing on this motion was set for December 6, 1974. Defendant arrived at court on December 6 before the 2 p.m. motion call and represented to the court that plaintiff's counsel had agreed that an order be entered vacating the judgment. The trial court then entered an order vacating the judgment. Shortly thereafter, at the 2 o'clock time set for the motion, plaintiff's counsel appeared and advised the court that he had entered into no such agreement with the defendant. The court then entered another order that same day, December 6, vacating the prior order entered that day and ordering defendant to appear in court on December 12, 1974. Defendant failed to appear on December 12 and the official entry of the court for December 12 reads, "No order. Judgment to stand."

On December 20, 1974, defendant, appearing *pro se,* presented a motion to vacate the official entry of December 12, 1974. On that same

day, plaintiff presented a countermotion and affidavit for fees in the amount of $175. The cause was continued to January 2, 1975, on which date defendant's motion to vacate was denied. Defendant through an attorney-friend then presented a motion of course to vacate the default judgment dated December 6, 1974. This motion was denied on January 8 and defendant through retained counsel filed a motion on February 26 which cited section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) and asked the trial court to vacate the judgment entered November 7, 1974, the order entered December 6, 1974, reinstating the judgment, and the order of January 8, 1975, denying the oral motion to vacate the order of December 6, 1974. Accompanying the above motion was the affidavit of defendant which averred in pertinent part as follows: that defendant was president of the Harwald Company, a corporation, and in that capacity defendant had use of the Diner's Club Membership involved in this litigation; that the Diner's Club charges incurred by defendant were incurred as expenses necessary and relevant to the conduct of the business of the Harwald Company and not for defendant's personal benefit; that prior charges incurred under the credit card involved in this litigation were paid by the Harwald Company; that the Harwald Company is presently involved in bankruptcy proceedings and that defendant has filed with the trustee in bankruptcy a claim for the very same charges involved in this litigation; that this claim is pending undetermined before the trustee, and that the ruling made on this claim could be a complete bar to plaintiff's complaint.

In the above affidavit defendant further averred as follows: that he is a layman not conversant in legal matters and that he took the complaint to an attorney, relied on said attorney to handle the matter, and that without defendant's knowledge, a default judgment resulted; that defendant was without sufficient funds to engage another attorney; that defendant had no notice of the second order entered December 6, nor of the hearing date of December 12.

The trial court ordered that the above motion to vacate dated February 26 be denied and it is from this order that defendant appeals.

Before reaching defendant's argument, we must first decide plaintiff's contention that this court is without jurisdiction to hear this appeal. Plaintiff points out that judgment was entered against the defendant on November 7, 1974, that numerous attempts by defendant to have this judgment vacated were unsuccessful, and that on January 8, 1975, defendant made one of these attempts with the assistance of counsel. Plaintiff argues that since this attempt to vacate the judgment was made more than 30 days after the judgment had been entered it constituted an action under section 72 of the Civil Practice Act. Plaintiff argues that the denial of the motion dated January 8 was a final appealable order and that

defendant's failure to file a notice of appeal within 30 days after the denial of this motion renders this court without jurisdiction to hear this appeal. Plaintiff's theory is best set out in *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 317 N.E.2d 774. In that case defendant filed a verified petition in April, more than 30 days after a default judgment was entered against him, asking the court to vacate the judgment. On June 5 the trial court denied the above petition. On June 13 defendant filed another motion to vacate the judgment and this motion was denied. In dismissing defendant's appeal in *Goldstick v. Saporito*, this court stated that defendant's petition filed in April which was verified and filed more than 30 days after the judgment was entered would be construed as having been filed under section 72 of the Civil Practice Act; that the June 5 order denying the above petition was a final appealable order; and that no appeal having been taken from such order, the court was without jurisdiction to consider the final order or subsequent order upholding the original determination.

■■ Plaintiff is correct in its contention that an order denying a section 72 petition to vacate a judgment is a final appealable order (Ill. Rev. Stat. 1973, ch. 110A, par. 304(b)(3)), and that a petition to set aside an *ex parte* judgment which is verified and filed more than 30 days after the judgment is entered, will be construed as having been filed under section 72 of the Civil Practice Act. (*Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 306 N.E.2d 510.) However, we do not find that defendant's motion of January 8, although made more than 30 days after judgment was entered should be construed as a motion under section 72 of the Civil Practice Act. Said motion was oral, not verified nor accompanied by supporting affidavit. There is no report of proceedings relating to the disposition of said motion. It is our decision that the above motion, made orally and without accompanying affidavit was in no way an attempt to bring a section 72 motion. That motion, properly construed, was at most an attempt to file a post-trial motion and was properly denied by the trial court due to its lack of jurisdiction to hear such a motion. But see *Mehr v..Dunbar Builders Corp.* (1972), 7 Ill. App. 3d 881, 289 N.E.2d 25.

■■ Since we do not construe the motion of January 8 as a section 72 motion and since defendant's notice of appeal was filed within 30 days of the final order of February 26, we conclude that we have jurisdiction to consider the merits of this appeal.

It is generally true that a petition to set aside a default judgment must adequately set forth sufficient facts to show both a meritorious defense and due diligence on the part of the defaulted party. (*Hall v. Hall* (1973), 15 Ill. App. 3d 599, 304 N.E.2d 763; *Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill. App. 3d 573, 305 N.E.2d 25.) However, it is also

true that a section 72 petition invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances. *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348.

■■ It is our initial determination that defendant has alleged in his petition sufficient facts to raise a meritorious defense. In his petition defendant indicates that the Harwald Corporation, and not defendant personally, is liable for the instant charges. Defendant's petition specifically alleges, in pertinent part, that defendant had use of the instant credit card in his capacity as president of the Harwald Corporation, that the instant charges were incurred as necessary business expenses of the Harwald Corporation and not for plaintiff's own personal benefit, and that prior charges incurred under the instant credit card were paid for by the Harwald Corporation.

■■ As to the requirement of due diligence, justice and good conscience may require that a judgment be vacated even though there may have been a lack of due diligence. (*Hall v. Hall* (1973), 15 Ill. App. 3d 599, 304 N.E.2d 763.) The power to set aside a default judgment and permit a defendant to have his day in court is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and for the furtherance of justice. (*Keel v. Kostka* (1969), 106 Ill. App. 2d 172, 245 N.E.2d 607.) As stated in *Riley v. Unknown Owners* (1972), 6 Ill. App. 3d 864, 866, 286 N.E.2d 806, 807:

> "Courts are not strictly bound by precedent in affording post judgment relief. Whether or not the litigants are entitled to relief under section 72 depends on all the circumstances attendant on the entry of the default judgment. Many different factual situations would justify or necessitate the vacation of a decree or a portion thereof. [Citations.]"

In the instant case defendant alleged in his petition that he is a layman, not conversant in legal matters and procedures, and that he initially took the complaint to an attorney, that he relied on this attorney to handle the matter and that through some unknown happenstance the case resulted in default. Defendant further alleged that he had no notice of the second order dated December 6, 1974, which vacated the vacatur nor notice of the default prove up date of December 12, 1974. Defendant further alleged in his petition that he was without sufficient funds to retain an attorney and that he thus appeared *pro se* on December 20, 1974. The trial court denied this motion and advised defendant to obtain counsel. The defendant then retained an attorney after January 8, 1975, and presented his section 72 motion which resulted in this appeal.

■■ While we do not approve of defendant's conduct in not answering the complaint, we believe that under the circumstances of this case justice

would be best served by giving defendant his day in court. We therefore reverse the judgment of the trial court and remand the cause to the trial court with directions to give defendant leave to answer the complaint.

Judgment reversed; cause remanded.

MEJDA, P. J., and DEMPSEY, J., concur.