SHIRLEY SLADE, n/k/a Shirley Forpe, Plaintiff-Appellee and Cross-Appellant, v. PAUL BOWMAN, Defendant-Appellant and Cross-Appellee.

First District (1st Division)   No. 76-712

Opinion filed May 9, 1977.

Lloyd P. Douglas, of Chicago, for appellant.

Harvey L. Walner & Assoc., Ltd., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

On November 29, 1973, plaintiff, Shirley Slade, filed a complaint in the circuit court of Cook County against Paul Bowman for damages arising out of injuries she allegedly sustained in an automobile accident. On September 16, 1975, the case was dismissed by the court on its own motion for want of prosecution because service of summons had not yet been obtained on the defendant. On December 22, 1975, plaintiff filed a motion to vacate the order of September 16, 1975. This motion was not verified nor supported by affidavit and gave no reasons in support thereof. On January 7, 1976, the trial court found that the failure to serve the defendant was not occasioned by the fault of the plaintiff and ordered the September 16, 1975, order of dismissal vacated. An alias summons issued and service was effected on the defendant on January 14, 1976. Defendant then filed an appearance and motion to vacate the order of January 7, 1976, and the trial court set a hearing for this motion on April 5, 1976. On April 2, 1976, plaintiff filed a verified petition citing section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72), and asked the court to vacate its order of September 16, 1975. In this petition plaintiff contended that she had diligently attempted to serve the defendant and set forth the following pertinent facts: that shortly after filing her lawsuit, plaintiff caused summons to issue directing the sheriff to serve defendant at his address as shown in the police report; that the sheriff's return advised that the above address was vacant property; that an alias summons was issued forthwith directing that the defendant be served by

the Sheriff of Cook County at his place of employment; that said summons was returned "not found" and indicated that the defendant was on vacation and might not return to his place of employment; that the plaintiff then employed a professional skip-tracer to locate the defendant; and that the defendant was finally located at the address originally contained in the police report; and that summons again issued and defendant was finally served.

After the hearing on April 5, 1976, the trial court entered the following order:

> "This cause coming on to be heard on defendant's motion to vacate the Order of this Court of January 7, 1976, vacating this Court's Order of Dismissal of September 16, 1975, It is hereby ordered that said Motion is sustained; This cause then further coming on to be heard on Plaintiff's Petition, pursuant to Section 72 of the Illinois Civil Practice Act to vacate this Court's Order of September 16, 1975, the defendant opposing the filing of the said Petition but not requesting leave to answer the same, the Court having heard arguments of counsel thereon,
>
> IT IS ORDERED that leave is given Plaintiff to file said Section 72 Petition, and it is further ordered that this Court's Dismissal Order of September 16, 1975 is vacated nunc pro tunc as of September 16, 1975, and this cause is reinstated nunc pro tunc as of that date, pursuant to the prayer of the said Section 72 Petition."

Defendant now appeals from that part of the order granting the section 72 petition and plaintiff cross appeals from that part of the order granting defendant's motion to vacate the order of January 7, 1976.

Defendant contends that the trial court erred in granting the section 72 petition because (1) defendant never received proper notice of the filing of said motion; (2) that the petition was not timely filed; and (3) that the petition did not set forth adequate reasons for the delay in service of summons. Although plaintiff cross appeals from that part of the order granting defendant's motion to vacate the order of January 7, 1976, she does not argue this point in her brief.

We affirm.

We will first consider plaintiff's cross-appeal concerning the propriety of that part of the trial court's order granting defendant's motion to vacate the order of January 7, 1976. Defendant contends that the trial court correctly vacated the January 7 order reinstating the case because the order of January 7 was entered pursuant to an unverified motion, made over thirty days after the case had been dismissed.

■■ As this court stated in *Trojan v. Marquette National Bank* (1967), 88 Ill. App. 2d 428, 436, 232 N.E.2d 160, 165:

> "A dismissal for want of prosecution is, in essence, an involuntary

nonsuit and is a final and appealable order over which the trial court retains jurisdiction for a period of 30 days, to entertain motions such as plaintiffs' here. Ill Rev Stats (1965), c 110, par 50(6), Athletic Ass'n of University v. Crawford, supra. The court retains the inherent power to vacate any of its judgments within 30 days upon good cause shown. In re Estate of Smith, 41 Ill App 2d 86, 190 NE2d 175 (1963); Gilmer v. Dunn, 59 Ill App 2d 202, 208 NE2d 85 (1965)."

Conversely, 30 days after a judgment is entered the trial court loses such jurisdiction.

In *Diner's Club, Inc. v. Gronwald* (1976), 43 Ill. App. 3d 164, 167, 356 N.E.2d 1261, 1264, this court considered a question similar to that involved in the instant case and stated:

"[A] petition to set aside an *ex parte* judgment which is verified and filed more than 30 days after the judgment is entered, will be construed as having been filed under section 72 of the Civil Practice Act. (*Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 306 N.E.2d 510."

However, in *Diners Club*, plaintiffs' motion was oral, not verified, nor accompanied by supporting affidavit. This court deemed such a motion "at most an attempt to file a post-trial motion [which] was properly denied by the trial court due to its lack of jurisdiction to hear such a motion." (43 Ill. App. 3d 164, 167, 356 N.E.2d 1261, 1264.) Similarly, in *Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill. App. 3d 753, 756, 357 N.E.2d 187, 190, this court noted that section 72 of the Civil Practice Act "clearly provides that '[t]he petition must be supported by affidavit or other appropriate showing as to matters not of record. (Ill. Rev. Stat. 1973, ch. 110, par. 72(2)'." In *Okumura*, defendant's petition was not verified, was without supporting affidavit or other showing of matters not of record. This court held that such a petition was insufficient and reversed the trial court's order granting the petition.

■■ In the instant case, plaintiff's motion was not verified, nor was it accompanied by affidavit or other showing of matters not of record. As such plaintiff's motion did not comply with the prerequisites of section 72 of the Civil Practice Act, and, filed more than 30 days after judgment, was properly denied by the trial court due to its lack of jurisdiction to consider the matter.

■■ The next point we consider is the propriety of the trial court's order granting plaintiff's section 72 petition filed on April 2, 1976. Defendant first contends that he never received proper notice of the filing of the section 72 petition as required by Supreme Court Rule 106 (Ill. Rev. Stat. 1975, ch. 110A, par. 106). There is no need for us to consider the above question because the April 5, 1976 order reflects that the trial court

"heard arguments of counsel" on plaintiff's section 72 petition. When defendant appeared to argue the motion, he made a general appearance. Any action taken by a litigant which recognizes a case as being in court will amount to a general appearance unless such action was solely for the purpose of objecting to jurisdiction. (*Greer v. Ludwick* (1968), 100 Ill. App. 2d 27, 241 N.E.2d 4.) The order of the court clearly notes that the court heard arguments of counsel on the above motion. Assuming that service of the section 72 did not comply with the requirements of Supreme Court Rule 106, we hold that any defects therein were waived when defendant generally appeared to argue the motion. *Park Avenue Lumber & Supply Co. v. Hofverberg, Inc.* (1966), 76 Ill. App. 2d 334, 222 N.E.2d 49.

■■ Defendant next contends that a section 72 petition must be properly filed upon petitioner's learning of the dismissal and that the instant section 72 petition, filed over six months after the order of dismissal, was not promptly filed and for that reason should be reversed. Section 72(3) of the Civil Practice Act provides in pertinent part:

> "The petition must be filed not later than 2 years after the entry of the order, judgment or decree." (Ill. Rev. Stat. 1975, ch. 110, par. 72(3).)

However, in certain circumstances, a failure to file the petition promptly, even though filed within the two-year period, could constitute a lack of diligence and preclude the section 72 relief requested. For example, in *American National Bank & Trust Co. v. Colby* (1974), 19 Ill. App. 3d 1051, 313 N.E.2d 305, the petitioner filed her section 72 petition within the two-year statutory period but over one year and five months after learning of the judgment against her. Noting that a petition filed pursuant to section 72 of the Civil Practice Act is addressed to the sound discretion of the trial court, the court in *Colby* held that the trial court did not abuse its discretion in finding that the petitioner was not entitled to the relief requested due to her gross lack of diligence in seeking relief.

The facts in the instant case are very different, however, from those in *Colby*. In the instant case, the trial court dismissed the cause on September 16, 1975. On December 22, 1975, plaintiff filed a motion, unverified and unsupported by affidavit, asking the trial court to vacate the September 16, 1975, order of dismissal. On April 2, 1976, plaintiff filed a petition pursuant to section 72 of the Civil Practice Act and on April 5, 1976, the trial court granted this petition. Considering that the plaintiff did attempt on December 22, 1975, to attack the order of dismissal and that the section 72 petition was filed 6½ months after the case was dismissed, we hold that the trial court did not abuse its discretion in not finding a lack of due diligence on plaintiff's part.

Defendant finally contends that the section 72 petition should have

been denied because it does not set forth adequate reasons for the delay in the service of summons. The facts set forth in the section 72 petition indicate that plaintiff attempted, immediately after she filed her lawsuit, to serve the defendant at the address contained in the police report. When the sheriff's return stated that this was vacant property, plaintiff had alias summons issue directed to the address of defendant's employer. When the alias summons was returned "not found," plaintiff employed a professional skip-tracer to locate the defendant. Defendant was then located at his original place of residence and service was obtained.

■■ Although it is true that defendant was not served until over two years after the filing of the lawsuit, it is apparent that plaintiff made several attempts to serve the defendant—even to the point of employing a professional skip-tracer. As noted above, a petition filed pursuant to section 72 of the Civil Practice Act is addressed to the sound discretion of the trial court. As we review the facts set forth in plaintiff's petition, we see no abuse of that discretion in granting the petition even though service of process was not effected on defendant until over two years after the suit was filed.

For the above reasons, the order of the circuit court of Cook County is affirmed.

Judgment affirmed.

O'CONNOR and BUA, JJ., concur.