MICHAEL SABATINO, Plaintiff-Appellee, *v.* KOZY KOTTAGE INN, INC., Defendant-Appellant.—(JOHN DOE *et al.*, Defendants.)

First District (4th Division)    No. 80-1886

Opinion filed November 25, 1981.

O. Kenneth Thomas, Ltd., of Harvey, for appellant.

Luciano Panici, of John L. Cifelli & Associates, Ltd., of Chicago Heights, for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Michael Sabatino, brought a dramshop action against the defendants, Kozy Kottage Inn, Inc., an Illinois corporation, and John Doe and Jim Doe, unknown persons. Subsequent to the service of summons on the corporate defendant, plaintiff's cause of action was dismissed for want of prosecution. Thereafter plaintiff filed a section 72 petition and motion to vacate the order of dismissal, which the trial court granted. The corporate defendant appeals, contending that the trial court erred by granting plaintiff's motion because the petition was insufficient to support the motion, and there was no service of the petition upon the defendants.

On February 5, 1979, plaintiff filed his complaint to recover for personal injuries sustained by him in a battery. Subsequent to service on its registered agent, the corporate defendant filed its appearance and answer denying the material allegations of the complaint; the individual defendants were never personally served. By order of court a pretrial conference was set for October 26, 1979; it was continued to December 17, 1979, and later to January 22, 1980, when an order was entered dismissing the cause of action for failure to appear at the pretrial conference.

Thereafter, on January 24, 1980, the corporate defendant filed its request for the production of witnesses' statements in the plaintiff's possession; and on March 19, 1980, it filed a motion to add the assaulting party to the action as a third-party defendant. On March 20, 1980, the plaintiff filed his answer to the corporate defendant's request for documents.

On April 2, 1980, the plaintiff filed a section 72 petition and motion to vacate the order of dismissal entered on January 22, 1980. This petition and motion were withdrawn on April 7, 1980. However, the petition was refiled on April 14, 1980, and notice that it was set for hearing on May 7, 1980, was served on the registered agent of the corporate defendant. At the hearing on plaintiff's section 72 petition, the trial court vacated the order of dismissal for want of prosecution and reinstated the plaintiff's cause of action.

■■ The corporate defendant first contends that plaintiff's section 72 petition was insufficient as a matter of law because he failed to set forth a factual basis for his allegation that he had a meritorious cause of action. It has been held that a petition under section 72 must state facts which allegedly entitled the petitioner to have the order or judgment vacated, and that these facts are not those which form the basis for the original action. (*Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 398 N.E.2d 972.) Where the defendant did not answer or contest the plaintiff's petition in the trial court, the allegations set forth in the petition must be taken as true. (*Esczuk v. Chicago Transit Authority* (1967), 84 Ill. App. 2d 247, 228 N.E.2d 553.) Here, to require that plaintiff set forth a factual basis for his allegation that he had a meritorious cause of action could only apply to the facts which form the basis of the original action. Further, the record shows that defendant did not answer the plaintiff's petition in the trial court, and there is no showing that it contested the petition. For these reasons, this contention of the defendant is without merit.

■■ The corporate defendant next contends that plaintiff's allegations of clerical error are insufficient to support a section 72 petition, since the statutory relief is not intended to relieve a party from the consequence of his own mistake or negligence. A petition or motion to vacate a judgment

pursuant to section 72 is addressed to the equitable powers of the court (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348); whether or not the relief prayed for should be granted rests in the sound discretion of the trial court, depending upon the facts and equities presented, and upon review the court is justified in disturbing the decision of the trial court only when it finds that there is an abuse of discretion. (*Resto v. Walker* (1978), 66 Ill. App. 3d 733, 383 N.E.2d 1361.) Accordingly, it has been held that justice and fairness may require that a judgment be vacated even though the requirement of due diligence has not been satisfied. *Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 329 N.E.2d 376; *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.

■■ Here, the record does not show that the corporate defendant raised this issue in the trial court. However, the record does show that the defendant filed a discovery action and a motion to add a third-party defendant to the cause of action in the trial court subsequent to the date of dismissal. It is well established that where a court loses jurisdiction because 30 days have passed after a dismissal, the parties may, by appearing voluntarily and participating in further proceedings, revest the court with jurisdiction. The elements essential to revesting are active participation by the parties without objection in further proceedings inconsistent with the prior order of dismissal. (*Faust v. Michael Reese Hospital Medical Center* (1979), 79 Ill. App. 3d 69, 398 N.E.2d 287; *Halleck v. Trumfio* (1980), 85 Ill. App. 3d 1051, 407 N.E.2d 867.) In view of the circumstances herein, we hold that the corporate defendant cannot raise this issue for the first time on review, and further that the trial court did not abuse its discretion herein.

■■ Finally, the corporate defendant contends that the plaintiff failed to effect proper service upon it when the notice of hearing on the petition was sent to its registered agent by ordinary mail. Plaintiff replies that service was effected by certified mail upon the registered agent of the corporation, and further that the corporate defendant failed to object to the service of the petition by such method when it appeared in court by its attorney in response thereto. The order entered by the trial court on May 7, 1980, recites "due notice given, and the Court fully advised." In the margin of the order the attorney for the registered agent of the corporate defendant made a notation that the order was "O.K. as to form." The record does not contain a transcript of the proceedings at that hearing, but it is assumed, by reason of the recitation in the court order, that this defendant made a general appearance, and the question of improper notice was not raised. It has been held that any defects in the service of a section 72 petition as required by the provisions of Supreme Court Rule 106 (Ill. Rev. Stat. 1979, ch. 110A, par. 106) are waived when the

defendant generally appears in court on the petition. (See *Slade v. Bowman* (1977), 49 Ill. App. 3d 242, 364 N.E.2d 922.) We therefore hold that the corporate defendant waived its right to raise this issue.

The order of the circuit court of Cook County vacating the order of dismissal and reinstating the cause of action is therefore affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.