EDUARD ADAM GLAVINSKAS, as Successor Plenary Guardian of the Estate of Derek J. Thomas, a Disabled Person, Plaintiff-Appellee, v. WILLIAM L. DAWSON NURSING CENTER, INC., Defendant-Appellant.

First District (2nd Division)    No. 1—07—2122

Opinion filed December 16, 2008.—Rehearing denied July 13, 2009.

C. William Busse, Jr., and Edward K. Grasse, both of Busse, Busse & Grasse, P.C., of Chicago, for appellant.

Law Offices of Jeffrey J. Kroll, of Chicago (Leslie J. Rosen, of counsel), for appellee.

JUSTICE SOUTH delivered the opinion of the court:

This appeal arises from the circuit court's grant of plaintiff's amended petition to vacate pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 2006)). For the reasons set forth below, we affirm.

## BACKGROUND

A history of the case as set forth in the circuit court's written order established the following: On October 30, 1999, Derek Thomas was severely injured, rendering him both mentally and physically disabled, when he was a passenger in a William L. Dawson Nursing Center (Dawson Nursing Center) (defendant) vehicle that was being driven with permission by its employee, Robert Martin. As a result of the accident, Thomas was taken to Christ Hospital, where he underwent numerous surgeries. After plaintiff's treatments were finished at Christ Hospital, he was transferred to the Dawson Nursing Center.

On July 20, 2000, the probate division of the circuit court of Cook County adjudicated Thomas a mentally disabled person and appointed

his 19-year-old half brother, Michael Poland, plenary guardian. On April 15, 2001, Poland, as guardian of the person and estate of Thomas, filed a cause of action against Dawson Nursing Center. Poland hired attorney Sheldon Belofsky to handle the case. Belofsky proceeded with the prosecution of the case, but on June 21, 2002, Judge Michael Hogan barred witnesses based upon Belofsky's failure to answer discovery and dismissed the case. Those orders were vacated later that month. On January 7, 2003, count II of plaintiff's amended complaint was dismissed without prejudice.

In March 2003, Poland testified at a deposition that in 2001 he was convicted of a felony for stealing money from Thomas in 2000, for which he received a sentence in excess of one year. It is unclear from the deposition if he was sentenced to the penitentiary or received probation. Both Belofsky and defendant's counsel, William Busse, were present at Poland's deposition.

At the close of discovery, Dawson Nursing Center filed a motion for summary judgment maintaining there was no evidence that Martin was acting within the course and scope of his employment with defendant at the time of the accident. Dawson Nursing Center also filed a motion to bar the disclosure of any expert witnesses. On November 10, 2003, Judge Lynn M. Egan barred Thomas from testifying on his own behalf, noting in her order that plaintiff had not appeared at the hearing on the motion or filed any written objection to it. According to defendant, a pretrial conference was held on October 12, 2004, before Judge Barbara McDonald, at which time defendant agreed to pay $175,000 in an annuity in exchange for dismissal of the case. The only support for defendant's assertion in the record is a letter sent from attorney Edward Grasse (one of defendant's attorneys) to Belofsky. No testimony was presented at the hearing and no affidavit from Judge McDonald or defense counsel was submitted to inform the circuit court of what transpired at the pretrial conference.

A year passed and no action was taken on the case until defendant brought a motion in both the law division and probate division to compel plaintiff to approve the settlement. The case proceeded simultaneously in both the law and probate divisions. On October 18, 2005, Judge Robert Lopez Cepero in the law division granted defendant's motion to compel plaintiff to approve the settlement, instructing plaintiff's counsel to "seek to approve the settlement reached between the parties before October 21, 2005," or "this Court will make its own motion to approve the settlement." No evidence was provided to the circuit court that Belofsky ever communicated to Thomas or Poland that an offer to settle the case had been made by defendant.

Once the probate division was notified that settlement discussions concerning Thomas's personal injury case were being held, Judge James G. Riley appointed attorney Linda Bryceland as guardian *ad litem* (GAL) for Thomas on October 24, 2005. The probate division instructed Bryceland to examine the reasonableness of the proposed settlement between Thomas and Dawson Nursing Center. The order of the probate division specifically empowered Bryceland to investigate why nothing had been done about the Illinois Department of Public Aid (Public Aid) lien of $272,000, which Thomas owed to defendant nursing center. That lien greatly exceeded the offer of $175,000. Bryceland was to investigate the possibility of adjudicating the Public Aid lien against the disabled person for $272,000 and review Poland's performance on behalf of Thomas.

According to defense counsel Grasse, on December 1, 2005, he was the only person who was present when Judge Lopez Cepero of the law division signed an order that the proposed settlement agreement between plaintiff and defendant "is proper and hereby approves the settlement" and dismissed plaintiff's case with prejudice. On December 15, 2005, Judge James G. Riley of the probate division entered an order directing GAL Bryceland to file a motion to vacate the order entered in the law division that approved the settlement. On December 31, 2005, Bryceland filed a petition in the law division to intervene and vacate the December 1, 2005, dismissal order. On February 10, 2006, Judge Riley of the probate division suspended the powers of Poland as Thomas's guardian and appointed John Carr as temporary guardian of the person and estate of Derek Thomas. On April 18, 2006, Judge Riley granted Carr's petition to discharge Belofsky as counsel for the guardian, and Carr hired the Clifford Law Offices to represent the disabled plaintiff's estate. On May 4, 2006, Judge Lopez Cepero denied Bryceland's motion to intervene.

On October 18, 2006, Judge Riley removed Poland as guardian for Thomas due to his felony conviction in February 2001 for stealing from Thomas while he was his guardian and for failing to follow the rules and regulations of the probate division governing guardianship. On October 26, 2006, the probate division entered an order finding that the settlement of $175,000 was unconscionable and rejected it. The probate division directed the temporary guardian, Carr, to file a motion to reconsider the dismissal order before Judge Lopez Cepero. On October 31, 2006, Judge Lopez Cepero entered a written order denying the section 2—1401 petition with prejudice. On November 27, 2006, when plaintiff's motion to reconsider was before him, Judge Lopez Cepero vacated his previous order but entered an order striking plaintiff's section 2—1401 petition. Judge Lopez Cepero then recused himself from further handling of the case.

On November 29, 2006, Judge William D. Maddux, presiding judge of the law division, vacated Judge Lopez Cepero's October 31, 2006, ruling striking plaintiff's section 2—1401 petition and set a new briefing schedule. Defendant then filed a motion for substitution of judge as a right from Judge Maddux, and the case was transferred to Judge Deborah Dooling on April 2, 2007.

Judge Dooling found that plaintiff's petition raised a meritorious claim for relief from the settlement and dismissal orders because plaintiff had been adjudged mentally disabled, and there was no evidence he consented to the settlement through either his attorney or guardian. As to the due diligence in the original action requirement, Judge Dooling noted that plaintiff's then guardian, Poland, had been convicted of a felony, and his then attorney, Belofsky, did little to further the prosecution of Thomas's case. The court further noted that defense counsel failed to inform the court of the guardian's actions and the Public Aid lien when he was the only one at the hearing who possessed knowledge that was relevant to its consideration. Finally, the court noted that trial judges have the responsibility of protecting the best interests of a mentally disabled person and cannot approve a settlement and enter a dismissal order where the plaintiff's rights are not adequately protected by either his guardian or attorney, and defense counsel withheld information that would have affected whether the court approved the settlement. The court concluded that Thomas was excused from strict compliance with the section 2—1401's requirement of due diligence in the original action since he was not accountable for the negligence of his representation and found that enforcement of the order would be unjust, unfair, and unconscionable. As to the due diligence requirement in filing the section 2—1401 petition, the court found that the passage of seven months between the entry of the dismissal and filing of a section 2—1401 petition was reasonably diligent under the totality of circumstances surrounding the entry of judgment and the conduct of the litigants and their attorneys. The court specifically noted the "extraordinary efforts" taken by the GAL, the temporary guardian, and Jeffrey Kroll of the Clifford Law Offices to ensure the protection of Thomas. Based on their actions, the court found that plaintiff established due diligence in filing the section 2—1401 petition. Having found that plaintiff satisfied all three requirements for a section 2—1401 petition, the court concluded that plaintiff had met his burden by a preponderance of the evidence and vacated the December 1, 2005, dismissal order.

The court further noted that the December 1, 2005, dismissal order was unenforceable pursuant to the holding in *Villalobos v. Cicero School District 99*, 362 Ill. App. 3d 704, 711 (2005), because it

failed to comply with Cook County Circuit Court Rules 6.4 (effective January 2, 2001) and 12.15(c) (effective September 3, 1996) governing the settlement of disabled persons' personal injury cases in the law and probate divisions. The court found that Judge Lopez Cepero did not indicate in the order that he found the settlement to be fair and reasonable, the order did not provide that the settlement monies would only be paid to the representative of the disabled person appointed by the probate division, and the order did not comply with any of the procedures required by the circuit court rules. Because Judge Riley of the probate division, in compliance with the procedures set forth in the circuit court rules, rejected the proposed settlement that had been approved in the law division, and applied the logic and reasoning of *Villalobos*, he found that the dismissal order was unenforceable unless and until it was approved by the probate division and the procedures set forth in the circuit court rules governing settlement of disabled persons' personal injury cases were followed. Thereafter, the court granted plaintiff's section 2—1401 petition and vacated the December 1, 2005, dismissal order. This appeal followed.

## ANALYSIS

The sole issue presented to this court is whether the circuit court properly granted plaintiff's successive section 2—1401 (735 ILCS 5/2—1401 (West 2006)) petition.

Section 2—1401 of the Code outlines the statutory procedures by which final orders and judgments can be vacated by the circuit court more than 30 days following their entry, provided that the petition to vacate is filed within two years of entry of that judgment or order. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 299 Ill. App. 3d 892, 897 (1998). Section 2—1401 requires that the petition be filed in the same proceeding in which the order or judgment was entered, but it is not a continuation of the original action. 735 ILCS 5/2—1401(b) (West 2006). Although a section 2—1401 petition is ordinarily used to bring facts to the attention of the circuit court that, if known at the time of judgment, would have precluded its entry, it may also be used to challenge a purportedly defective judgment for legal reasons. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006).

A proceeding under section 2—1401 is commenced by the filing of a petition "supported by affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2—1401(b) (West 2006). The petition must set forth allegations of a meritorious claim or defense; due diligence in presenting the claim or defense to the circuit court in the original action; and due diligence in filing the section 2—1401 petition. *Paul*, 223 Ill. 2d at 94. However, where, as in this case, a peti-

tion seeks to vacate a final judgment as being void (735 ILCS 5/2—1401(f) (West 2006)), the allegations of voidness " 'substitute[ ] for and negate[ ] the need to allege a meritorious defense and due diligence.' " *People v. Vincent*, 226 Ill. 2d 1, 7 n.1 (2007), quoting *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).

A section 2—1401 petition invokes the equitable powers of the circuit court in that the power to set aside a judgment, and thus allow a litigant to have his or her day in court, is based on substantial principles of right and wrong and is to be exercised for the prevention of injury and the furtherance of justice. *Paul*, 223 Ill. 2d at 95, citing *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 225 (1986); *Diner's Club, Inc. v. Gronwald*, 43 Ill. App. 3d 164, 168 (1976). As to the requirement of due diligence, justice and good conscience may require that a judgment be vacated even though there may have been a lack of due diligence. *Diner's Club*, 43 Ill. App. 3d at 168. The proof necessary to sustain a section 2—1401 petition is a preponderance of the evidence. *Paul*, 223 Ill. 2d at 95. Whether a section 2—1401 petition should be granted lies within the sound discretion of the circuit court, depending on the facts and equities presented, and its ruling will not be disturbed absent an abuse of discretion. *Airoom*, 114 Ill. 2d at 221. With these principles in mind, we consider the issue raised in this appeal.

Defendant contends that the circuit court abused its discretion in granting plaintiff's amended section 2—1401 petition because plaintiff did not have a meritorious section 2—1401 claim and did not exercise due diligence in the underlying action or in the section 2—1401 petition. We disagree.

■ It is clear from the record that plaintiff had a meritorious section 2—1401 claim. It is undisputed that Thomas was adjudged incompetent in the probate division and that Poland was appointed his guardian and hired Belofsky to prosecute a personal injury case on Thomas's behalf against Dawson Medical Center. It is also undisputed that neither Poland nor Belofsky acted within Thomas's best interests in handling this matter. Further, it is undisputed that neither Poland nor Belofsky ever approved the settlement or was present in court when the dismissal order was entered. Because an incompetent person can only act through his representatives, and Thomas's representatives failed in their representation of his interests, we find that a meritorious claim for section 2—1401 relief exists, and the circuit court did not abuse its discretion in so finding. As additional support for the existence of a meritorious claim for section 2—1401 relief, we agree with the trial court that the December 1, 2005, order was unenforceable since it did not comply with the procedures outlined in the circuit court rules in accordance with the holding of *Villalobos v. Cicero School District 99*, 362 Ill. App. 3d 704, 712 (2005).

Turning to whether due diligence was exercised in the handling of the underlying action, it is undisputed that attorney Belofsky, who was hired by Poland, was negligent and dilatory in his prosecution of the personal injury case. However, it is equally undisputed that courts have a responsibility to protect the interests of mentally disabled persons, and we conclude that Thomas is not accountable for the negligence of his representatives. We agree with the circuit court that it would be unfair and unconscionable to find otherwise.

Finally, we find that plaintiff exercised due diligence in the filing of the section 2—1401 petition as evidenced by the record. Upon being apprised of the settlement that had been approved in the law division, and upon learning that Poland was a convicted felon, Judge Riley in the probate division immediately appointed a GAL to investigate the settlement and its fairness, as well as the outstanding Public Aid lien against Thomas. The GAL, Bryceland, filed a motion to intervene, which was denied by the judge in the law division. Judge Riley removed Poland and appointed a temporary guardian, who obtained leave to fire Belofsky and retain new counsel, who immediately filed a section 2—1401 petition. Contrary to defendant's contention, we fail to see how this expeditious conduct resulted in a lack of due diligence in filing the section 2—1401 petition given the particular circumstance of the instant case. As such, we conclude that plaintiff exercised due diligence in filing the section 2—1401 petition, and the circuit court did not abuse its discretion in so finding. We conclude that the trial court properly granted plaintiff's section 2—1401 petition for relief and agree that to hold otherwise would be unfair, unconscionable, and unjust.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

KARNEZIS, P.J., and HOFFMAN, J., concur.