Thomas Morgan, plaintiff in error, *v.* James L. Ladd *et al.*, defendants in error.

*Error to Scott.*

A party, who voluntarily receives the benefit of a decree, will not be allowed afterwards to allege that the decree was erroneous.

A. filed a bill in chancery against B., and at the final hearing of the cause, a decree was rendered, directing, among other things, the payment of a specified sum of money to B., who afterwards and before he sued out a writ of error, accepted and received said sum; a plea to the writ of error embodying these facts, was filed by A., and a replication thereto by B., alleging that after the receipt of said sum, he tendered back the same to the clerk of the Court below, who refused to receive it, and offering to bring the money into the Supreme Court to be subject to its order and direction. There was a demurrer to this replication, which was sustained, and the writ of error dismissed: *Held,* that the plea was good, as the acceptance of the money operated as a release of errors.

Bill in Chancery for an injunction, &c., in the Scott Circuit Court, filed by the defendants in error against the plaintiff in error. The cause was heard before the Hon.

Samuel D. Lockwood, at the June special term 1842, when a decree was rendered making the injunction perpetual, and directing, among other things, the payment of $92·54 to the defendant in the Court below.

In this Court, the plaintiff in error moved for leave to file two replications to the plea of the defendants in error, the substance of which plea is stated in the Opinion of the Court. The Court denied the motion. He then filed one replication, the substance of which is stated in connection with the plea. The replication which was excluded, stated in effect, that it was not true that the plaintiff in error received the money in discharge of the errors as specified in the plea, and concluded to the country.

*M. McConnell*, for the plaintiff in error.

*J. J. Hardin & D. A. Smith*, for the defendants in error.

The Opinion of the Court was delivered by

Treat, J.  This was a bill in chancery filed by Ladd and others against Thomas Morgan. On a final hearing of the cause, a decree was rendered directing, among other things, the payment to Morgan of $92·54, brought into Court by the complainants and deposited with the clerk. Morgan has brought the record into this Court, and assigned errors. The defendants in error have filed a plea, averring, that after the entering of the decree, and before the sueing out of the writ of error, Morgan accepted the said sum of $92·54, and thereby released all errors. To this plea, Morgan has filed a replication, alleging, that after the receipt of the money by him, he tendered back the same to the clerk, who refused to receive it; and offering to bring the money into this Court to be subject to its order and direction. There is a demurrer to this replication.

The plea is good. The acceptance of the money operated as a release of errors. The case of *Thomas* v. *Negus & Robbins* is in point, and subsequent reflection has but confirmed us in the propriety of that decision. The replication

presents no valid answer to the plea. It admits the receipt of the money, but seeks, by restoring it, to avoid the effect of the plea. We think this cannot be done; counsel may have inferred otherwise, from an incidental expression in the case before referred to. The remark was not intended as the expression of an opinion by the Court; this question was not there decided or considered. As it has now arisen, we have attentively considered it, and are disposed to adhere strictly to the rule laid down in that case, that a party, who voluntarily receives the benefit of a decree, shall not be allowed afterwards to allege that it was erroneous. The errors are released by his voluntary act; when thus waived, he cannot again assert them.

The demurrer will be sustained, and the writ of error dismissed with costs.

*Writ dismissed.*