THE CITY OF MILFORD, Plaintiff-Appellee, *v.* ILLINOIS COMMERCE COMMISSION *et al.*, Defendants-Appellants.

(No. 75-48;

Third District—December 24, 1975.

William J. Scott, Attorney General, of Springfield (Peter A. Fasseas and Hercules Bolos, Assistant Attorneys General, of counsel), for appellant Illinois Commerce Com.

Gregory Lietz, of Danville, for appellant Louisville & Nashville R.R.

Manion, Janov & Edgar, Ltd., of Hoopeston (Richard E. Janov, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Iroquois County denying a petition to vacate an order entered by the Circuit Court of Iroquois County on December 30, 1974, reversing the order of the Illinois Commerce Commission, abolishing a Hickory Street railroad crossing in the City of Milford, and also ordering that the Louisville and Nashville Railroad install protective devices at that crossing.

■■ While we also have before us an appeal by defendants from the order of the Circuit Court reversing the Illinois Commerce Commission with respect to the Hickory Street crossing, we agree with the contention of the Illinois Commerce Commission that the issue which should be disposed of, specifically, is whether the Circuit Court abused its discretion in denying the petition of the Illinois Commerce Commission to vacate the court's order of December 30, 1974.

As we have indicated, the issue raised by the Illinois Commerce Commission is that the trial court abused its discretion in refusing to grant

the Illinois Commerce Commission's petition to vacate the judgment, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 72). In the petition the Commerce Commission asserted that a pretrial conference was held in the chambers of the court and that the judgment was subsequently entered, all without notice to the Illinois Commerce Commission or its counsel, the Attorney General. The Attorney General's office entered an appearance on behalf of the Illinois Commerce Commission on August 1, 1974, shortly after the City of Milford had filed its action in the Circuit Court of Iroquois County. On November 6, 1974, 3 months later, a pretrial conference was held, at which counsel for the City of Milford and counsel for the Louisville and Nashville Railroad were present. The court ordered those parties to submit briefs on the propriety of the order of the Illinois Commerce Commission. Thereafter, on December 30, 1974, the trial court entered its decision, which reversed the Illinois Commerce Commission order in part. The action of the trial court in this case first became known to the Illinois Commerce Commission and its counsel on February 4, 1975, some 36 days following the entry of the order of the Iroquois County Circuit Court. The section 72 petition to vacate was filed on February 6, 1975, 2 days later.

In administrative review proceedings, the administrative agency is a necessary party in the courts. (Ill. Rev. Stat. 1973, ch. 110, § 271). It is specifically required by statute that the Attorney General appear and defend the orders and decisions of the Illinois Commerce Commission and any appeals therefrom. Ill. Rev. Stat. 1973, ch. 111⅔, § 72(a).

On the basis of the record before us and the affidavit of the Assistant Attorney General assigned to the case, and from the petition itself, it is clear that there was no notice given to counsel for the Illinois Commerce Commission or to the Illinois Commerce Commission of either the pretrial conference, the first and only court proceeding prior to judgment, or the entry of judgment itself. It became known only after 30 days had expired. It also appears that the trial court made its decision without benefit of a brief from the railroad, the only other party supporting the Illinois Commerce Commission order. The railroad's brief was not filed until January 2, 1975, 20 days after the deadline set by the court for submission of such brief.

It is argued on appeal by the City of Milford that it was the duty of the Attorney General's office to keep up with the progress of the case and pointed to the period of 5 months between the appearance of the Attorney General's office in the case on August 1 and the rendition of the judgment on December 30, 1974, during which period of time the Attorney General's office did not check the status of the proceedings. While

we agree that litigants and their attorneys have a duty to follow the progress of their cases through the courts (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill.2d 464, 467, 236 N.E.2d 719), nevertheless a party to the action is entitled to notice, at least informally, of steps which are to be taken or are being taken by other parties in the case. Such notice is an essential and basic due process of law. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill.2d 609, 614-15, 190 N.E.2d 348.) In the *Esczuk* case to which we refer, which is relied upon by the City of Milford, it appeared that notice of the pretrial conference and a subsequent dismissal of plaintiff's action, was published as required in the Chicago Daily Law Bulletin. Plaintiff in that case also did not allege that the usual postcard notices were not sent, although she did allege she did not receive them. It is also notable that the plaintiff there waited 18 months after the judgment before filing a section 72 petition, whereas in the instant case counsel filed a petition two days after discovering that judgment had been entered, and only 38 days following the entry thereof. In the cause before us, no notice was sent to the Attorney General's office or to the Illinois Commerce Commission.

■■ There is also no basis for the contention that attorneys for the Illinois Commerce Commission should have been aware of the pretrial conference. There was no published notice in some publication such as the Law Bulletin which serves the Cook County Circuit Court. The counsel for the Illinois Commerce Commission were located in Chicago, some 90 miles away from the courthouse in Watseka (the county seat of Iroquois County) and were not familiar with the procedures in disposition of cases in Iroquois County so far as is shown by the record.

We should also note that this is not a case of the type where defendant consistently failed to show up in court, such as *Ryan v. Dixon* (2nd Dist. 1975), 28 Ill.App.3d 463, 328 N.E.2d 672; or where defendant on his own initiative ignored the process of the court (*Postal Film, Inc. v. McMurtry* (5th Dist. 1974), 22 Ill.App.3d 293, 317 N.E.2d 375). On the contrary, neither defendant nor its attorney were ever notified of the court proceedings. While a litigant has a duty to follow the progress of the case, there is no less of a duty on the opponent to give the litigant notice of all documents filed and hearings requested, and the trial court, before making a determination or entering a default order or judgment, is under a duty to assure that parties are given a fair opportunity to appear and be heard, particularly if the party involved is a public administrative agency.

■■ It is asserted by the City of Milford, however, that since the petition which was filed did not allege a "meritorious defense," which is generally considered to be a requirement for a petition of that nature,

the court was justified in refusing to grant the petition. The purpose of the requirement, where a party seeks to open up a default judgment, is to spare the court and the litigants useless proceedings. (*Amerco Field Office v. Onoforio* (2nd Dist. 1974), 22 Ill.App.3d 989, 993, 317 N.E.2d 596.) Here the commission's petition alleged that the enforcement of the judgment would be prejudicial to the commission. Obviously, this fulfills the requirement of the assertion of a meritorious defense since the order of the commission itself has been modified without giving the commission an opportunity to to be heard. Such procedure is clearly inconsistent with the legislative and judicial policy in the State of Illinois which gives presumptive validity to findings in the order of the Illinois Commerce Commission. Such order and findings are subject to reversal and modification, but the commission should receive notice and have an opportunity to be heard prior to such action.

This is not a case where defendant was told to appear in court and did not. It was never notified, formally or otherwise, of the court proceedings. The requirement of showing a meritorious defense is designed to insure that a defendant, having had one chance in court which he disdained, does not have a second chance without some support for his position. The Illinois Commerce Commission here never had the first chance and had no notice of the determination until after 30 days had expired.

■■ To conclude as suggested by the City of Milford on this issue, it appears to us, would encourage litigants to seek ex parte hearings, orders or judgments, which would not be known to the agency until long after the entry of the order or judgment since the agency would receive no notice of the proceeding or even of the entry of the order. We believe that, where a public agency is involved, and is not guilty of neglect or a failure to respond to a notice, it should be granted its request to vacate, under a section 72 petition, so that the public agency may at least have an opportunity to be heard or present a brief or argument in support of its order. Any other conclusion would not be consistent with the objective of a disposition of matters involving administrative agencies on a basis which would result in substantial justice to the litigants involved.

For the reasons stated, the order of the Iroquois County Circuit Court, therefore, which denied the Illinois Commerce Commission petition to vacate the judgment, is reversed, and this cause is remanded with directions to vacate the judgment and for further proceedings in this case.

Reversed and remanded.

STENGEL and BARRY, JJ., concur.