THE CITY OF MILFORD, Plaintiff-Appellant, *v.* THE ILLINOIS COMMERCE COMMISSION *et al.,* Defendants-Appellees.

Third District   No. 76-344

Opinion filed January 31, 1977.

Manion, Janov & Edgar, Ltd., of Hoopeston (Rick E. Janov, of counsel), for appellant.

Hutton, Laury & Hesser, of Danville (Gregory G. Lietz, of counsel), for appellee Louisville & Nashville Railroad Company.

William J. Scott, Attorney General, of Chicago (Hercules F. Bolos and Mary C. Ubatuba, Assistant Attorneys General), for appellee Illinois Commerce Commission.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
The City of Milford appeals in this court from an order of the Circuit Court of Iroquois County which affirmed the order of the Illinois Commerce Commission abolishing the railroad crossing at Hickory Street in the City of Milford. The City of Milford brought the action pursuant to section 68 of the Illinois Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 72). A review is sought of an order of defendant Illinois

Commerce Commission which abolished the Hickory Street railroad crossing in the City of Milford. After conducting a hearing and receiving briefs of the parties, the order of the Illinois Commerce Commission was affirmed by the circuit court and appeal is now predicated on the contention that the Commission's order was against the manifest weight of the evidence.

Defendant Louisville & Nashville Railroad Company (hereinafter called L & N) maintains a single main line track, together with various subsidiary tracks, in a north-south direction through the City of Milford, a municipality of approximately 1,650 inhabitants. From north to south, Milford maintains crossings at Frederick Street, Jones Street, Lyle Street and Hickory Street, which are within five east-west blocks of each other, and all of which run in an east-west direction and intersect the L & N tracks at approximately a 90° angle. Prior to October 29, 1973, the Frederick Street and Hickory Street crossings were protected only by crossbuck signs, while the Jones Street and the Lyle Street crossings were protected by automatic flashing lights.

On October 29, 1973, the City of Milford filed a petition with the Illinois Commerce Commission requesting an order directing the installation of automatic protection devices at the grade crossings at Lyle, Frederick and Jones Streets. On February 7, 1974, L & N filed an answer and also a cross-petition which requested that the Commission additionally consider the Hickory Street crossing. L & N requested that the Commission close some of the less-used crossings.

A hearing was held before an examiner of the Commission on February 7, 1974. The Illinois Commerce Commission issued an order, directing L & N to furnish and install protection devices at the grade crossings at Frederick, Jones, and Lyle Streets, and, also, directed that the grade crossing at Hickory Street be closed and abolished.

The Commission found that traffic counts conducted at each of the subject crossings for two consecutive 24-hour periods showed the following amounts of vehicular traffic: Frederick Street, 845 and 856; Jones Street, 2320 and 2498; Lyle Street, 907 and 920; and Hickory Street, 294 and 273. The evidence presented to the Commission indicated that "statewide" traffic uses the Frederick, Jones and Lyle Street crossings, and that the Hickory Street crossing is principally used by local, residential traffic. The Commission found that the Frederick Street crossing serves a large canning company located in the northeast portion of Milford and that the Jones Street crossing serves the main business district of Milford. The Commission also found that the Lyle Street crossing carries most of the heavy traffic which crosses the tracks in Milford.

From the evidence before the Commission, it appears that the traffic on the L & N main track through Milford consists of 11 to 12 freight trains

per day, traveling at a maximum authorized speed of 35 miles per hour. Approximately twice per week switching moves are made on to the subsidiary tracks to serve the various industries in Milford.

Additional evidence indicated that there are no sight obstructions at either approach to the Hickory Street grade crossing. While accidents have occurred at some of the crossings in Milford, no accidents have occurred at the Hickory Street crossing. It appears that Hickory Street is the most direct route to the southeast portion of Milford, and that Milford has plans for the future annexation and residential and industrial development in that area.

The Commission's order concluded that "due to the volume of vehicular traffic passing over the various grade crossings of the Louisville & Nashville Railroad Company's tracks in the Village of Milford, the volume and speed of railroad traffic passing thereover, the character of railroad operations through Milford which does not include simultaneous movements on parallel main tracks, the open view near the main track, and the proximity of said crossings," required the ordered improvements and closing and that such action was necessary in the interest of public safety. The Commission estimated that the cost of installing the ordered protection devices at the three crossings totaled $54,410.

On June 26, 1974, Milford filed a petition before the Commission requesting a rehearing on the abolition of the Hickory Street grade crossing. The Commission denied that petition on July 10, 1974. Subsequently, Milford appealed to the Circuit Court of Iroquois County, and, on December 30, 1974, that court entered an order reversing so much of the Commission's order as operated to abolish the Hickory Street crossing. The Commission then filed a petition to vacate the judgment, on the ground that the Commission had not been notified of the pretrial conference in the cause, but the circuit court denied the petition to vacate. In *City of Milford v. Illinois Commerce Com.* (3d Dist. 1975), 34 Ill. App. 3d 293, 339 N.E.2d 470, we held that the denial of the petition was an abuse of discretion, and remanded the cause for further proceedings. On June 18, 1976, the Circuit Court of Iroquois County, after conducting a hearing and receiving briefs from the parties, entered an order affirming in full the Commission's order of May 29, 1974. It is this judgment from which the City of Milford appeals. Milford, the Illinois Commerce Commission and the L & N have all participated in this appeal. The sole contention made by Milford on this appeal is that the Commission's order abolishing the Hickory Street crossing was against the manifest weight of the evidence heard by the Commission.

Under the Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 62), in a section noted as section 58, it is noted in part:

> "The Commission shall also have the power, after a hearing, to alter or abolish any grade crossing, heretofore or hereafter

established, when in its opinion, the public safety requires such alteration or abolition, and, except in cities, villages and incorporated towns of five hundred thousand (500,000) or more inhabitants, to vacate and close that part of the highway such grade crossing altered or abolished and cause barricades to be erected across such highway in such manner as to prevent the use of such grade crossing as a highway, when, in the opinion of the Commission, the public convenience served by the crossing in question is not such as to justify the further retention thereof; * * * ."

As we have noted, the review of the Commission's order was sought under section 68 of the Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 72). That section provides that on such review:

"The findings and conclusions of the Commission on questions of fact shall be held prima facie to be true and as found by the Commission; and a rule, regulation, order or decision of the Commission shall not be set aside unless it clearly appears that the finding of the Commission was against the manifest weight of the evidence presented to or before the Commission for and against such rule, regulation, order or decision, or that the same was without the jurisdiction of the Commission. * * * Rules, regulations, orders or decisions of the Commission shall be held to be prima facie reasonable, and the burden of proof upon all issues raised by the appeal shall be upon the person or corporation appealing from such rules, regulations, orders or decisions."

■■ It is clear, also, that orders of the Commission are entitled to great weight and when the sufficiency of an order is questioned it will not be set aside unless it is clearly against the manifest weight of the evidence, is arbitrary or unreasonable, or in clear violation of a rule of law. (*Illinois Bell Telephone Co. v. Illinois Commerce Com.*, 414 Ill. 275, 289-90). Since the Commission is "a tribunal appointed by law and informed by experience" (*Village of Apple River v. Illinois Commerce Com.* (1960), 18 Ill. 2d 518, 523, 165 N.E.2d 329), the statute does not authorize a court to put itself in the place of the Commission, determine independently the issues presented, and substitute its judgment for that of the Commission. *Produce Terminal Corp. v. Illinois Commerce Com. ex rel. Peoples Gas Light and Coke Co.*, 414 Ill. 582; *Forest Preservation District v. Illinois Commerce Com.* (1957), 12 Ill. 2d 319, 323-24, 146 N.E.2d 27.

■■ Milford devotes much argument in support of the proposition that, on the evidence before the Commission, public safety does not require the abolition of the Hickory Street crossing. The question presented on this appeal, however, is whether, on the evidence before the Commission, it clearly appears that the findings of the Commission were against the manifest weight of the evidence. While the Commission

apparently made no explicit finding as to whether the public convenience served by the Hickory Street crossing was such as to justify its retention, it is clear that "the Commission need not make a finding on each issue or evidentiary fact" (*Citizens Utilities Co. v. Illinois Commerce Com.* (1971), 49 Ill. 2d 458, 463, 275 N.E.2d 417), and that such finding was implicit in the Commission's order. In our review of the record, from the evidence before the Commission, the Commission could justifiably conclude that improvements to the grade crossings in Milford were necessitated in the interest of public safety; that due to traffic patterns, the proximity of the crossings and the cost of safety improvements to the crossings, public convenience did not justify the improvement of all crossings. The record shows that the Hickory Street crossing has only a small amount of vehicular traffic and serves a sparsely populated residential area of the village. The evidence also showed that the Lyle Street crossing which is only two blocks north of Hickory Street is much more suitable and safer for vehicular traffic. The Hickory Street crossing consists of chippings and soot which are built up by oil and chips. The Lyle Street crossing is of strong concrete construction. The Hickory Street crossing could reasonably have been found to be duplicative and unnecessary by the Commission in view of the better crossing only a very short distance from the Hickory Street crossing.

There was also sufficient evidence for the Commission to conclude that the abolition of the Hickory Street crossing would not endanger the fire protection accorded residents of south Milford. It is clear, therefore, from the record that the Hickory Street crossing is little used and relatively unsafe on the evidence presented and that the nearby Lyle Street crossing is well constructed and designed more properly to serve vehicular traffic over a heavily used railroad track.

■■ ■ We, therefore, cannot say that the findings of the Illinois Commerce Commission clearly appear to be against the manifest weight of the evidence with respect to the Hickory Street crossing. We are not unmindful of the fact that a motion has been made to dismiss the appeal on behalf of the appellee. Since the parties have heretofore come to this court in a prior appeal on the record and in view of the fact that we have examined the record and come to a determination of the issue on the merits, we have determined that it is in the best interests of both parties in this cause that no further consideration be given to the motion to dismiss the appeal in view of our disposition of this cause on the merits.

For the reasons stated, therefore, the judgment of the Circuit Court of Iroquois County entered in this cause is affirmed.

Affirmed.

STOUDER and BARRY, JJ. concur.