BEATRICE S. LUTZ, Plaintiff-Appellant, *v.* LARRY WAYNE LUTZ, Defendant-Appellee.

Second District   No. 77-27

Opinion filed December 29, 1977.

Albert S. Salvi, of Lake Zurich, for appellant.

Michael L. Roach, of Hall, Meyer, Fisher, Holmberg & Snook, of Waukegan, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

This is an appeal from an order entered pursuant to a petition brought under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par.

72), which vacated, in part, a default judgment for divorce and other relief entered against defendant.

Plaintiff commenced the action for divorce against defendant after approximately two years of marriage during which the parties had resided in plaintiff's home in Lake County, Illinois, while defendant, who was in the Army, was stationed nearby at Fort Sheridan. He subsequently was assigned to duty in Virginia, to which he transferred, leaving his wife in Illinois, and the complaint and summons in this matter were personally served upon him there on March 31, 1976. Defendant consulted with his Virginia attorney who on April 21, 1976, directed a letter to plaintiff's attorney advising him that a limited decree for divorce (*a mensa et thoro*) had been entered between these parties in Fairfax County, Virginia, on April 20, 1976, service on plaintiff having been had by publication in Virginia. Defendant's counsel further advised that he represented defendant in the action for divorce commenced by plaintiff in Lake County, Illinois, that the Virginia divorce would act as a bar to plaintiff's action and requested plaintiff's counsel to "please contact me at your convenience so that we may discuss the foregoing and possibly amicably settle whatever dispute there may be." A copy of that letter was also sent by defendant's counsel to the clerk of the trial court and filed with the record of this case.

On May 5, 1976, without further communication or notice to defendant or his Virginia counsel, the trial court entered judgment for divorce after a hearing at which defendant was found to be in default for failure to appear or answer. The letter to plaintiff's counsel and the clerk, which was in the file of the case, was not called to the attention of the trial judge at this hearing nor was the judge informed that a decree for divorce had previously been entered in Virginia regarding these parties.

In addition to dissolving the marriage, the decree in this case ordered defendant to pay permanent alimony of $166.20 monthly to plaintiff and awarded her $563 for attorney's fees and costs of suit. Defendant first learned of the default judgment on August 27, 1976, and his petition under section 72 to vacate the judgment was filed in the trial court October 28, 1976. On the next day, plaintiff filed her motion to dismiss the petition, together with a petition seeking enforcement of the decree by way of a money judgment totaling $1,394 for alimony and fees accruing since its entry.

After a hearing, the trial court determined the letter from defendant's attorney filed prior to the entry of the default judgment for divorce was a valid appearance by defendant entitling him to notice and that defendant's petition to vacate the judgment was diligently presented; the court set aside the judgment entered May 5, 1976, in all respects except as it related to dissolving the bonds of matrimony between the parties.

Plaintiff and defendant had stipulated that the divorce should stand and they do not now contest that issue. The trial court also dismissed plaintiff's petition for past due alimony and fees and ordered that all issues between the parties as to alimony or property will be set for a new hearing.

■■■ A petition to vacate a default judgment filed under section 72 "invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances." (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613, 190 N.E.2d 348, 350.) While such a petition must allege facts showing a meritorious defense and that petition was reasonably diligent in protecting his rights (*National Industries, Inc. v. Howard* (2d Dist. 1977), 54 Ill. App. 3d 416, 369 N.E.2d 597), it is also well settled that justice and fairness may require that a judgment be vacated even where there may have been a lack of due diligence in presenting such defense to the trial court. (*George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.) The discretionary ruling of the trial court on a section 72 petition will not be overturned unless that discretion has been abused. *Ingram v. MFA Insurance Co.* (1976), 18 Ill. App. 3d 560, 568, 309 N.E.2d 690, 696.

The record on appeal does not include a report of proceedings of the hearing on the section 72 petition. In that event we must look to defendant's petition, and its supporting affidavits, to determine whether facts showing a meritorious defense and diligence of defendant were alleged. The petition stated that a judgment for divorce between the parties was entered in the Circuit Court of Fairfax County, Virginia, on April 20, 1976, a copy of which decree was made a part of the petition, and asserted it operated as a bar to the Illinois proceedings. The petition also referred to the letter from defendant's Virginia counsel to plaintiff's counsel, a copy of which had been filed in this case prior to the entry of petition also referred to the letter from defendant's Virginia counsel to plaintiff's counsel, a copy of which had been filed in this case prior to the entry of the judgment sought to be vacated and which had asserted that the Virginia divorce barred the Illinois proceedings. The petition further alleged defendant was first notified of the default judgment against him over three months later on August 27, 1976. In response to this petition, plaintiff filed a general motion to dismiss, unsupported by affidavits, which did not dispute defendant's allegations of fact.

Plaintiff contends first that the filing of a copy of the letter from defendant's out-of-State attorney with the court clerk was not an appearance by defendant entitling him to notice of further proceedings in the case. She argues it is the duty of a litigant to follow the progress of his case and to file a proper appearance and answer within the time set forth on the summons served upon him.

Defendant refers us to Rule 6 of the Rules of Practice of the 19th Judicial Circuit which provides:

> "Notice of all proceedings in an action shall be given to all parties who have appeared and have not been found by the court to be in default for failure to plead, unless notice is excused by the court."

We note that the Illinois Supreme Court Rule regarding notice to parties not found to be in default states:

> "(b) *Filing of Papers and Proof of Service.* Pleadings subsequent to the complaint, written motions, and other papers required to be filed shall be filed with the clerk with a certificate of counsel or other proof that copies have been served on all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead." (Ill. Rev. Stat. 1975, ch. 110A, par. 104(b).)

Neither the local rules of practice in Lake County, Illinois, nor the Supreme Court rules specify any necessary form or content of a document required before it may be considered an appearance by a party so as to entitle him to notice of proceedings in the case or copies of pleadings filed by other parties. The provision of the Divorce Act which prohibits the granting of a divorce by default unless the judge is satisfied that all proper means have been taken to notify the defendant should also be considered in this context. That section provides that "[w]henever the judge is satisfied that the interests of the defendant require it, the court may order such additional notice as equity may seem to require." Ill. Rev. Stat. 1975, ch. 40, par. 9.

▪▪▪ A similar issue was considered in *Greer v. Ludwick* (1968), 100 Ill. App. 2d 27, 241 N.E.2d 4, where, on learning of the suit against them, defendants wrote letters to the clerk of the court expressing their concern and stating their interest in the case. The clerk informed them the letters could not be considered as answers to the complaint and suggested they retain an attorney and pay a filing fee to the clerk. Defendants did nothing further to protect their interests and default judgments were entered against them without further notice. On review, the appellate court held the letters to be appearances of defendants so as to entitle them to notice of all subsequent proceedings in the case. The court noted that "[f]undamental fairness requires that notice of trial be sent to nonresident parties appearing in their own proper person" (100 Ill. App. 2d 27, 40, 241 N.E.2d 4, 10) and directed that defendants' section 72 petition to vacate the judgment be granted. (See also *Wynter v. Wynter* (1977), 54 Ill. App. 3d 840, 368 N.E.2d 1104; *Bandyk v. Beringer* (1975), 31 Ill. App. 3d 263, 333 N.E.2d 227.) *Crane v. Crane* (1972), 5 Ill. App. 3d 763, 283 N.E.2d 922, relied upon by plaintiff, does set forth the settled rule that litigants are

responsible for following their case (see also *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 467, 236 N.E.2d 719, 721), but in the context of a case where plaintiff did, in fact, send notice of a divorce hearing to defendant but defendant simply contended he had not received the notice. *Crane* is inapposite to the instant case where no effort was made to notify defendant or his counsel of plaintiff's intention to seek a default judgment. We believe the correct posture of this issue is well stated in *City of Milford v. Illinois Commerce Com.* (1975), 34 Ill. App. 3d 293, 296, 339 N.E.2d 470, 473, as follows:

> "While a litigant has a duty to follow the progress of the case, there is no less of a duty on the opponent to give the litigant notice of all documents filed and hearings requested, and the trial court, before making a determination or entering a default order or judgment, is under a duty to assure that parties are given a fair opportunity to appear and be heard* * *."

Had the plaintiff carried out her obligation to notify defendant she intended to present a motion for a default judgment against him, as she was obliged to do by both the rules and common courtesy, the defendant would have had the opportunity to call to the attention of the trial court the Virginia divorce decree which was apparently overlooked by plaintiff. Certainly, had the trial court been aware of the decree it would not have entered the default against defendant without requiring notice to him, at least, of plaintiff's motion for an order of default and confession of the complaint against him.

■■ Plaintiff also contends defendant was not diligent in presenting his petition after becoming aware of the entry of the decree over 60 days prior to filing it. The record discloses that defendant was in military service in Virginia and, of necessity, was required to act through his counsel there and Illinois counsel in Lake County. Sixty days to bring about the filing of his section 72 petition does not seem unreasonable in that circumstance. We note plaintiff made no effort to notify defendant of the default judgment until more than 30 days after its entry. That significant inaction on the part of plaintiff makes her more vulnerable to a petition for relief from the judgment. (*Hall v. Hall* (1973), 15 Ill. App. 3d 599, 603, 304 N.E.2d 763, 767.) And, as we earlier described, plaintiff failed to bring to the attention of the trial judge before the judgment was entered the relevant matters known to plaintiff regarding the Virginia divorce decree and defendant's appearance by the letter from his counsel filed in the case. Such failure has been said to also remove the "full onus" of the due diligence requirement from a petitioner. *National Industries, Inc. v. Howard* (2d Dist. 1977), 54 Ill. App. 3d 416, 369 N.E.2d 597.

In view of these circumstances, we conclude the trial court properly

exercised its equitable powers in vacating the judgment and setting the contested issues for trial on the merits.

Affirmed.

BOYLE and WOODWARD, JJ., concur.