CARROLL SERVICE COMPANY, Plaintiff-Appellee, v. PHYLLIS SCHNEIDER, Defendant (Roger Spickler, Defendant-Appellant).

Second District   No. 2—85—0615

Opinion filed June 11, 1986.

John A. Leemon, of Mt. Carroll, for appellant.

Edward J. Mitchell, of Lanark, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

On January 22, 1985, plaintiff, Carroll Service Company, filed a complaint against defendants, Phyllis Schneider and Roger Spickler, for the payment of fuel oil provided to defendant Schneider. On February 26, 1985, a default judgment was entered upon defendants' failure to appear. On April 16, 1985, defendant Spickler filed a notice of a request for a hearing on a petition to vacate the default judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). The trial court denied the petition, and defendant Spickler appeals.

The 2—1401 petition stated the Spickler's attorney prepared an answer on or about February 8, 1985, that Spickler discovered on April 12, 1985, that judgment had been entered against him, and that he has a meritorious defense. An affidavit filed in support of the petition swore, *inter alia*, that Spickler executed an answer on February 8, 1985. Spickler's attorney, John A. Leemon, also filed a supporting affidavit. He swore that he prepared an answer for Spickler which

was executed on February 8, 1985, that he had believed that the answer had been filed by his secretary but does not know why it was in fact not filed, that he learned on April 15, 1985, that an answer had not been filed, and that on April 16, 1985, he prepared the 2—1401 petition and obtained a hearing date.

A memorandum opinion and order were filed on July 10, 1985, denying Spickler's petition. The court found that he may have a meritorious defense and acted with due diligence by timely filing the 2—1401 petition. However, the court also found that he had not demonstrated either (1) due diligence in presenting the defense in the original action or (2) that, through no fault or negligence of his own, the defense was not made to appear at the time the order was entered.

Defendant argues on appeal that neither he nor his attorney was negligent and that, in any event, as equitable relief is justified, due diligence in defending a lawsuit need not be proved.

■ A section 2—1401 petition must set forth facts showing the existence of a meritorious defense and the exercise of due diligence on the part of petitioner in presenting both a defense to the lawsuit and the petition to vacate. (*Bonanza International, Inc. v. Mar-Fil, Inc.* (1984), 128 Ill. App. 3d 714, 717.) As the trial court found that Spickler had a meritorious defense and was diligent in filing his 2—1401 petition, the only issue on appeal is whether the trial court abused its discretion in denying the petition for the reason that defendant did not exercise due diligence in defending the lawsuit.

■■ ■ Spickler argues that as he was not liable to plaintiff, he logically made no inquiry of his attorney concerning the litigation. However, defendant's belief in the merits of a pending lawsuit is immaterial to the need to follow the lawsuit. A defendant is responsible for following his lawsuit. (*Illinois Marine Towing, Corp. v. Black* (1979), 74 Ill. App. 3d 909, 913.) Without deciding whether defendant was negligent by not following his case after signing the answer prepared by his attorney, we uphold the trial court's denial of the petition on the basis that defendant's attorney failed to demonstrate excusable neglect in his handling of the answer. A section 72 (now 2—1401) petitioner is normally bound by the negligence of his attorney which resulted in the entry of a default judgment. (*Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 674.) Failure to defend must be the result of excusable mistake; petitioner must show that the failure to defend was not due to negligence. (*Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 220-21.) Here, no justification for the failure to file the answer was offered. While an attorney may rely

upon employees to file documents, the responsibility for the filing rests upon the attorney whose task to ensure that delegated duties are indeed fulfilled is not burdensome. (See 87 Ill. 2d R. 3—101(b) (rule 3—101(b) of the Code of Professional Responsibility).) Defendant cites *Bird v. Kostbade* (1977), 52 Ill. App. 3d 741, which found that a breakdown in the procedure for handling the receipt of a summons and complaint to be a reasonable excuse for the failure to defend. *Bird* denies relief only when wilful disregard or indifference to the legal process is demonstrated. To the extent that that Third District opinion alters the standard in 2—1401 cases which deny relief when a party or his attorney is negligent, it is rejected as inconsistent with Second District authority. See, *e.g.*, *Canton v. Chorbajian* (1980), 88 Ill. App. 3d 1015, 1022 (facts must be alleged by the petitioner to show that he was free from negligence).

■ Spickler also argues that it is not necessary to prove due diligence in presenting a defense where equitable relief is justified. Presumably as the reason why the equitable relief of the vacatur of the default judgment should be granted, defendant argues that plaintiff's conduct was unfair. The actual principle is, however, that the requirement of due diligence will not be strictly enforced where there is fraud or unfair conduct by plaintiff. (*Limar-Pinehurst, Inc. v. Welter* (1976), 38 Ill. App. 3d 800, 802-03.) Spickler alleges that plaintiff failed to attach documents to the complaint, that the document attached was a bill solely of defendant Schneider, that plaintiff failed to supply charge records on his request, and that only plaintiff appeared when the default judgment was entered. But none of these facts were related to defendant's failure to answer and do not rise to the level of fraud or unfair conduct.

■ Defendant finally argues that he would have filed a 2—1301 petition (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301) within 30 days had he known of the default judgment sooner. However, a plaintiff does not have the responsibility to provide a defendant with notice of a default judgment. (*Illinois Marine Towing Corp. v. Black* (1979), 74 Ill. App. 3d 909, 914; *Canton v. Chorbajian* (1980), 88 Ill. App. 3d 1015, 1020.) Whether a defendant was advised of the default judgment within 30 days is only one factor in determining whether plaintiff has acted so unfairly as to justify relaxation of the due diligence standard. *Limar-Pinehurst, Inc. v. Welter* (1976), 38 Ill. App. 3d 800, 804.

■ The granting of a 2—1401 petition is in the discretion of the trial court, and the court of review may only determine whether the trial court abused that discretion. (*Bonanza International, Inc. v. Mar-Fil, Inc.* (1984), 128 Ill. App. 3d 714, 718.) The court in the

present case did not abuse its discretion as Spickler did not demonstrate excusable neglect. Furthermore, as no report of proceedings was provided for the hearing on the 2—1401 petition, it is presumed that the court acted properly. *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 977.

The judgment of the circuit court of Carroll County is affirmed.

Judgment affirmed.

NASH, P.J., and SCHNAKE, J., concur.