BA MORTGAGE, LLC, Plaintiff-Appellee, v. MARGARET BURGHOLZER, Defendant-Appellant.

Second District   No. 2—02—0097

Opinion filed April 23, 2003.—Rehearing denied July 14, 2003.

William A. Lester, of Law Offices of William A. Lester, Ltd., of Lombard, for appellant.

Joseph J. Circelli and Gloria C. Tsotsos, both of Codilis & Associates, P.C., of Darien, for appellee.

JUSTICE KAPALA delivered the opinion of the court:

Plaintiff, BA Mortgage, LLC, sued defendant, Margaret Burgholzer, to foreclose a mortgage and obtained a default judgment. Thereafter, defendant appeared and moved to vacate the default judgment. The trial court refused to do so. Defendant appeals, contending that the court lacked personal jurisdiction over her because she was never properly served with a summons and complaint.

Plaintiff filed its complaint to foreclose the mortgage on December 12, 2000. The affidavit of the special process server, Larry Biela, states that on December 28, 2000, he served defendant by leaving a copy of the summons and complaint with defendant's 14-year-old daughter, Samantha Burgholzer. Although the affidavit was executed on December 28, 2000, it states, "Date of Mailing: 12/29/2000."

Defendant did not appear and the trial court entered a default

judgment. On July 31, 2001, Ronald Moore bid $110,500 for the property at a judicial sale. The bid resulted in a surplus of $2,903.29. On August 10, 2001, the court approved the sale and awarded Moore possession.

On October 4, 2001, defendant filed a special and limited appearance and a motion to dismiss for lack of jurisdiction. Defendant alleged that she never received notice of the foreclosure proceedings and that the return of summons was facially defective. The trial court denied the motion and denied defendant's motion to reconsider. That day, defendant moved for a turnover of the sale surplus to her, which the court granted. Defendant timely appeals.

Defendant contends that the court erred in denying her motion to dismiss for lack of jurisdiction. She argues that the special process server's return was facially defective because it did not state that he explained to her daughter what the summons was and did not clearly state that copies of the summons and complaint were mailed to defendant.

Plaintiff responds that the return of summons was sufficient. Alternatively, plaintiff contends that defendant is estopped to question the court's jurisdiction to order the foreclosure and sale because she accepted the benefits of those orders by accepting the sale surplus. Plaintiff also contends that defendant waived her right to challenge the court's orders by failing to obtain a stay and allowing the third-party purchaser to take possession of the property. Because we agree with plaintiff's second contention, we affirm the circuit court's judgment without reaching the parties' other arguments.

■ It is well settled that, where a party accepts the benefits of a decree, he or she cannot "prosecute error to reverse it." *Corwin v. Shoup*, 76 Ill. 246, 249 (1875); see also *Trapp v. Off*, 194 Ill. 287, 302 (1901); *Morgan v. Ladd*, 7 Ill. 414, 415 (1845). A party cannot, by his voluntary act, invite the court to exercise its jurisdiction and at the same time deny that jurisdiction exists. *Supreme Hive Ladies of the Maccabees of the World v. Harrington*, 227 Ill. 511, 525 (1907). Although those cases do not involve challenges to the courts' jurisdiction, that distinction does not help defendant here.

■ Normally, a general appearance does not submit a party to the court's jurisdiction retroactively. *Christiansen v. Saylor*, 297 Ill. App. 3d 719, 723 (1998). However, in some cases, a general appearance may validate a prior judgment that was void for lack of jurisdiction. *In re Marriage of Verdung*, 126 Ill. 2d 542, 547-48 (1989); 6 C.J.S. *Appearances* § 48, at 82 (1975). Thus, in *Lord v. Hubert*, 12 Ill. 2d 83 (1957), a party who did not appear in an earlier partition suit but subsequently petitioned the court to terminate a trust created during that earlier

proceeding and pay him the proceeds could not challenge the prior judgment. *Lord*, 12 Ill. 2d at 86.

In *Rock Island Bank & Trust Co. v. Stauduhar*, 59 Ill. App. 3d 892, 902 (1978), a party who never had notice of a prior suit but later accepted and recorded a release of the judgment entered in that case was held to have ratified the judgment. In *Bradshaw v. Pellican*, 152 Ill. App. 3d 253 (1987), defendant filed a special and limited appearance to contest jurisdiction in a paternity action when plaintiff petitioned for past-due child support. However, defendant also entered into a settlement agreement that allowed him to pay the arrearage in installments rather than face a contempt citation. This court held that defendant had recognized the validity of the earlier proceedings and had invoked the court's jurisdiction for his benefit. *Bradshaw*, 152 Ill. App. 3d at 256.

■ Here, defendant cannot assert an interest in the sale proceeds and on appeal claim that the court had no jurisdiction to enter the orders. See *Verdung*, 126 Ill. 2d at 552. After defendant's motion to dismiss was denied, she moved the court to order plaintiff to turn over to her the surplus from the sale. The court granted the motion and defendant accepted the surplus proceeds. Defendant cannot accept the benefits of the trial court's orders and at the same time argue to this court that the trial court lacked jurisdiction to make them. Put another way, defendant ratified the earlier orders by accepting their benefits.

Defendant is estopped to challenge the orders allegedly entered without jurisdiction. Because of our resolution of this issue, we need not decide the merits of defendant's jurisdictional argument.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

CALLUM and GILLERAN JOHNSON, JJ., concur.